ALEX. GILFILLAN v. J. A. GRIER, ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued May 27, 1891†—Decided October 5, 1891.
[To be reported.]

1. The notice which § 2, act of March 11, 1870, P. L. 373, requires the controller of Allegheny county to give to " the solvent banks, banking houses, or regular exchange brokers of the city of Pittsburgh," inviting proposals for the payment of interest on deposits of the county

---

* The paper-books showed no rulings and exceptions thereto raising the question of jurisdiction.

† By advancement in the Eastern District.

Statement of Facts.

funds, may be given by advertisements in the official newspapers, selected under act of April 2, 1873, P. L. 483.

2. When the controller gave notice by such publication, that proposals under the act of 1870 would be received until Tuesday, January 13, 1891, and his notice was correctly printed in three of the four official newspapers, but in the fourth, a German paper, it was erroneously printed so as to read Tuesday, January 14th, an impossible date, this palpable error did not vitiate the notice.

3. Equity, therefore, on a bill filed at the suit of a taxpayer would not enjoin the acceptance of a proposal duly received on January 13th; at least when the bill contained no averment of any specific fact going to show that the county or the plaintiff would be injured thereby, or that any higher bid would have been received had the error not occurred.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 131 October Term 1891, Sup. Ct.; court below, No. 606 March Term 1891, C. P. No. 1.

To the number and term stated of the court below, Alexander Gilfillan, a resident citizen and taxpayer of Allegheny county, filed a bill in equity for himself, and all others having a like interest who might join therein, against the county of Allegheny, James A. Grier, controller, and John A. Bell, treasurer of said county, and the Central Bank of Pittsburgh, praying that said treasurer be enjoined from appointing said bank as depositary of the county funds, and from depositing any of said funds with it. Answers to the bill were filed by the defendants, Grier and Bell, and the Central Bank. The county filed no answer. From the bill and answers, the following facts appeared:

The act of March 11, 1870, P. L. 373, provides that the controller of Allegheny county shall, upon the commencement of the official term of each county treasurer, notify the solvent banks, banking houses or regular exchange brokers of the city of Pittsburgh, that he will receive proposals for interest on the current daily balances of the deposits of all funds collected by said treasurer for public expenditure within said county, to be opened by him on a certain day, in the presence of the said treasurer; that on the given day the controller shall open all such proposals so received, in the presence of the treasurer,

and said treasurer shall then select and appoint one or more of said banks, banking houses, or exchange brokers as depositaries of said funds, that shall propose to pay, for the use of said county, the highest rate of interest for the current daily balances, and that shall agree to give and shall give bonds, in good, sufficient and ample security, by at least four sureties, in the same manner, and subject to the same approval as required by law of said treasurer, to faithfully account for said funds, comply with the provisions of this act, and to pay, on demand, all properly signed checks or drafts of said treasurer.

From the date of said act until the filing of the bill, the controllers of Allegheny county uniformly adopted and used advertisements in the newspapers, as the mode of giving the notice to banks, etc., that proposals would be received under the act.

The act of April 2, 1873, P. L. 483, authorized the county commissioners of Allegheny county to select annually four morning newspapers for official county advertising, and provided that all advertising for county purposes should be done in the newspapers so selected. At the commencement of the term of office of the defendant Bell, as county treasurer, in January, 1891, the newspapers selected by the county commissioners, under the act of 1873, were the Times, Commercial Gazette, Dispatch, and Freiheit's Freund, all morning newspapers of general circulation, published in the city of Pittsburgh. The one last named was published in the German language. On January 8, 9 and 12, 1891, the following notice was published in the Times, Commercial Gazette and Dispatch:

"OFFICE OF THE CONTROLLER OF ALLEGHENY CO., PA.

"PITTSBURGH, Pa., January 7, 1891.

"NOTICE TO BANKS AND BANKERS.—Sealed proposals will be received at this office until Tuesday, January 13th, at four o'clock P. M., for interest on current daily balances of the deposits of all funds collected by the treasurer of Allegheny county, as provided by act of assembly. For further information apply at the office of said treasurer.

"JAMES A. GRIER,

"County Controller."

A translation of the same notice was published in the Freiheit's Freund, on the same days, but, by an error in setting it

Opinion of Court below.

up at the newspaper office, it bore date as printed January 7, 1890, and named as the limit of time for the reception of proposals, Tuesday, January 14, at four o'clock P. M.

The only proposal delivered to the controller down to four o'clock of Tuesday, January 13, 1891, was put in by the Central Bank, one of the defendants. The proposal was opened by the controller, in the presence of the treasurer, on January 14, 1891, at 9.30 o'clock A. M. The Central Bank then notified the treasurer that it would furnish the bond prescribed by law, and demanded that its proposal be accepted. Later on the same day, before four o'clock P. M., the Union National Bank of Pittsburgh presented to the controller a sealed proposal, which was rejected by him as not having been received in time, without opening it. Subsequently, the Central Bank tendered a proper and sufficient bond, in the required amount, and again demanded that the contract be awarded to it.

The bill averred that the reason why but one proposal was received by the controller on January 13th was that no actual or direct notice was given by him to the solvent banks, etc., in the city of Pittsburgh, and that the notices published were contradictory and misleading ; that the Union National Bank relied on and was misled by the notice which named January 14th as the last day for the reception of proposals, and, if it had not so been misled, would have made further inquiry and would have put in its bid on January 13th ; that the selection of the Central Bank as depositary would be contrary to law, and would cause great loss to the county and consequent injury to the plaintiff and other taxables thereof. All these averments were denied by the answers, except the averment that actual notice was not given by the controller to the several solvent banks, etc., of Pittsburgh.

A hearing having been had upon a motion for a preliminary injunction, the court disposed of the motion by the following opinion and order :

We do not dispute the right of a taxpayer to file a bill such as this. But, for so slight a mistake as appears in this case we think we ought not to grant a preliminary injunction, unless it appears that the taxpayers have received or would receive some injury. It nowhere appears that there was any

higher bid than the one received. Nor will we, on a motion for a preliminary injunction,- hold that the notices were not sufficient, after having been given according to the usual custom for twenty years. Besides, we are inclined to think that personal or direct notice is not required. The motion for a preliminary injunction is refused.

—Afterwards, the case was submitted for final hearing on bill and answers, whereupon the court made a decree as follows: And now, April 21, 1891, this cause came on to be heard on bill and answer, being submitted by counsel without argument; and on consideration thereof, it is ordered, adjudged and decreed that the bill be and is hereby dismissed, and that the plaintiff pay the costs.[1]  Thereupon, the plaintiff took this appeal,.specifying that the court erred:

1. In making the final decree.[1]
2. In not making the decree prayed for.


*Mr. John G. Bryant,* for the appellant:

1. The notice required by the act of March 11, 1870, P. L. 373, to be given to "the solvent banks, banking houses, and regular exchange brokers of the city of Pittsburgh," is actual and direct, not constructive notice. It is not a notice to the public, but to certain persons and corporations easily ascertainable. If a statute which requires the giving of a notice, does not point out as the mode of giving it publication in a newspaper, a notice so given is not sufficient: Keckeley v. Road Commissioners, 4 McCord 463. Notice to burgesses, even though they constitute a body indefinite in number, must be personal or direct: Rex v. Langhorn, 4 A. & E. 538. Had the legislature intended a constructive notice by publication, it would have so declared, prescribing the manner and extent of the publication. If the controller can determine that three publications in each of four newspapers are sufficient under the statute in question, he can as well determine one publication in an obscure paper, one day before the appointed time, to be sufficient.

2. Even if constructive notice by publication be enough, such notice must not be contradictory or misleading; and if the publications are so, it matters not that this was due to the fault or error of the publisher of the newspaper. If notice in

Opinion of the Court.

all four of the official papers designated by the county commissioners was required, clearly the notices published were not sufficient. If the notices in the three English papers would have been enough, they are vitiated by that in the German paper, which cannot be treated as a nullity. Those who saw the latter had a right to rely on it, especially if they had not seen the others. The fact that it named Tuesday instead of Wednesday, is immaterial in this connection. As there were many Tuesdays in the month, the day of the month was to be taken as the day. If the notices published were sufficient, they would have been equally so had the errors occurred in all the papers but one.

3. We do not contend that the bid of the Union National Bank should have been received. We contend that no bids should have been considered. The giving of proper notice is a condition precedent to the right of the treasurer to let out the public money, and a letting without the performance of the condition is in violation of law. The notices having been deficient and misleading, it was the controller's duty to disregard all bids, and proceed to give the notices required by law; especially when it was made to appear that by reason of the character of the notices previously given, the county was in fact deprived of the advantage of the bid of a reputable bank. If the act of a public officer sought to be enjoined, be contrary to law, it is sufficent for the taxpayer to show that loss may or is likely to ensue. He is not required to show that it must ensue.

*Mr. R. S. Frazier*, and *Messrs. Robb & Fitzsimmons*, for the appellees, Grier and Bell, and *Mr. J. H. White*, for the Central Bank, appellee, were not heard.

PER CURIAM:*

The appellant, as a citizen and taxpayer of the county of Allegheny, filed this bill in the court below, to restrain the controller and treasurer of said county from selecting or appointing the Central Bank of Pittsburgh as a depositary of

---

* On May 28, 1891, an order of affirmance was entered, the opinion, printed above, being filed on October 5, 1891.

Opinion of the Court.

the county money.   The act of March 11, 1870, requires those officers to select such banks or banking houses for depositaries as shall offer the highest rates for interest on the county moneys.   It is the duty of those officers to notify the solvent banks, and invite proposals for that purpose.   The form or manner of the notice is not designated by the act, and the treasurer gave the notice in this instance by advertisement in four of the leading Pittsburgh papers, those in which county notices usually appear, that proposals would be received until Tuesday, January 13th, at 4 P. M.   It so happened, probably by a blunder of the printer, that in the Freiheit's Freund, a German newspaper, the notice read Tuesday, January 14th, instead of 13th.   This was a palpable error, as the fourteenth of January came on Wednesday instead of Tuesday.   The appellant claimed that this unimportant error vitiated the whole proceeding; that the officers referred to should have re-advertised for proposals, and that in the meantime an injunction should go against the selection of the Central Bank of Pittsburgh as a depositary, although its bid was as high as any of the other banks.   The bill contains no averment of any fact that goes to show that the county, or the appellant as a taxpayer, would be injured by the selection of the bank referred to.   There is no allegation that any other bank would have bid more, had the notice in the German paper been free from error.   We must presume that what the appellant failed to aver he cannot safely assert; and, as he has not sustained irreparable injury, or any injury whatever, the court below was right in dismissing his bill.

> Decree affirmed, and the appeal dismissed at the costs of the appellant.